UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH J. MARTIN, | ) |
|     Plaintiff, | ) ) ) |
|   vs. | ) )   Case No. 4:25 CV 700 RWS |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL OF MISSOURI, et al., | ) ) ) ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff is a self-represented litigant who alleges that defendants violated her Fifth and Fourteenth Amendment rights to Due Process in connection with the suspension of her license to practice law in Missouri.[1]  ECF 1.  Plaintiff seeks reinstatement of her license to practice law in the State of Missouri, plus damages. ECF 1.

This matter is before me on defendants' motion to dismiss this case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ECF 17.   Plaintiff opposes dismissal

---

[1] The State of Missouri is the licensing authority for attorneys and the Missouri Supreme Court oversees attorney discipline for the violation of professional and/or ethical rules of conduct. Plaintiff names the former Chief Justice of the Missouri Supreme Court, Mary Russell, as a defendant, along with the Office of Chief Disciplinary Counsel.  That office has the authority, granted by the State of Missouri, to investigate attorneys who potentially could be subjected to discipline.

through a written brief and accompanying exhibits. ECF 23, 24.

The Court has carefully considered all materials in the record and concludes that a hearing on defendants' motion is unnecessary because plaintiff's action is barred by the *Rooker-Feldman* doctrine. Accordingly, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction.

## Background Facts

Plaintiff's complaint alleges few facts. However, a review of the pleadings reveals that plaintiff, an attorney licensed to practice law in the State of Missouri, was the subject of an ongoing disciplinary proceeding in Missouri when her attorney requested that she be permitted to participate in the hearing virtually to accommodate her disabilities. To support her request for accommodation, plaintiff's counsel submitted to the investigator from the Chief Disciplinary Counsel's office a copy of an ALJ decision finding her disabled based upon exertional limitations and awarding her Disability Insurance Benefits under the Social Security Act. ECF 23-1 at 7-12. Upon receipt of this decision, on April 8, 2025, the Chief Disciplinary Counsel filed an Information in the Supreme Court of the State of Missouri pursuant to Rule 5.23(a) alleging that plaintiff is "disabled and, therefore, incapacitated from continuing to practice law." ECF 23-2 at 3. The next day, without a hearing the Supreme Court of Missouri en banc entered an Order, signed by then Chief Judge Mary R. Russell, suspending plaintiff from the

practice of law because she "has been adjudicated incapacitated" and is "unable to competently represent the interests of clients." ECF 23-2 at 5. On April 22, 2025, the Supreme Court of Missouri en banc entered a "Corrected Order" purporting to correct the Order entered on April 9, 2025. ECF 23-2 at 28. The Corrected Order finds that plaintiff has been "adjudicated disabled," not incapacitated, concludes that plaintiff "is unable to competently represent clients by reason of said adjudication," and suspends plaintiff from the practice of law. *Id.*

Plaintiff, through counsel, moved to vacate the Order of Suspension. ECF 23-2 at 6-11. The Supreme Court of Missouri en banc then issued an Order to Show Cause why the Court should not "overrule her motion to vacate on the basis she has been adjudicated disabled and unable to work as a lawyer by the Social Security Administration's October 7, 2024 decision." ECF 23-2 at 12. Plaintiff, again acting through counsel, filed a timely response to the Order to Show Cause. ECF 23-2 at 13-28. Although not explicitly stated, the Supreme Court of Missouri en banc apparently overruled the motion to vacate suspension with the issuance of the Corrected Order, as it has not revoked plaintiff's suspension or reinstated her license to practice law.

Plaintiff filed the instant action on May 14, 2025, alleging that the suspension of her license without a hearing and based upon her disability determination violates her rights to Due Process under the Fifth and Fourteenth

Amendments. She seeks reinstatement of her law license and damages.

Discussion

Here, defendants contend that the Court lacks subject-matter jurisdiction because plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party attempting to invoke the federal court's limited jurisdiction has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

"The *Rooker-Feldman* doctrine provides that, 'with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.'" *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (quoting *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003)). "The *Rooker-Feldman* doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)).

The Court in *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462 (1983), held that state court decisions concerning attorney licensing requirements are "a judicial inquiry in which the court was called upon to investigate, declare, and enforce liabilities as they stood on present or past facts and under laws supposed already to exist." *Id.* at 479 (citation modified). As such, while further review of that judicial proceeding can be sought by applying to the United States Supreme Court for a writ of certiorari in the underlying state court proceedings, it cannot be had by filing a new suit in a lower federal court. *See Feldman*, 460 U.S. at 486–87.

The *Rooker-Feldman* doctrine applies even if a plaintiff attempts to frame the federal challenge broadly, so long as the challenge is essentially directed at a specific licensing decision. *See, e.g., McKenna v. Curtin*, 869 F.3d 44, 48 (1st Cir. 2017) (§ 1983 claims challenging state system for attorney discipline were barred because they "concern the constitutionality of the rules as applied to plaintiff"); *Stern v. Nix*, 840 F.2d 208, 212-13 (3rd Cir. 1988) (challenge to rule allowing court to disregard recommendations of hearing panel barred as an attempt to reverse plaintiff's disciplinary decision); *Engel v. Client Security Fund Commission of the California State Bar*, Case No. 2:21-CV-0624 DB PS, 2021 WL 4751275, at *3-*4 (E.D. Cal. Oct. 12, 2021) (holding *Rooker-Feldman* barred plaintiff's challenge of the constitutionality of the actions of the state bar in relation to attorney licensing).

Furthermore, if constitutional claims presented to a federal district court are

"inextricably intertwined" with the state court's denial in the judicial proceeding of a particular plaintiff's suspension from the state bar, the district court is in essence being called upon the review the state court decision; this is barred by *Rooker-Feldman*. *See Feldman*, 460 U.S. at 486–87; *see also, Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021) ("Considering whether a claim is 'inextricably intertwined' with a state court judgment is merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state court judgment simply because the claimant does not call it an appeal of a state court judgment.") (citation modified).

      Here, although plaintiff uses blanket language that the rules and procedures used by defendants are "unconstitutional," she alleges that those rules and procedures are unconstitutional as applied to plaintiff herself.  Plaintiff's arguments in this case center solely around the application of the allegedly unconstitutional procedures to her own suspension, such as the use of her Social Security disability decision as evidence to support her suspension, the lack of notice provided to her with respect to the suspension, and the lack of a pre-suspension hearing provided to her.   And, most tellingly, she seeks reinstatement of her law license.  As such, plaintiff is essentially seeking to appeal the decision to suspend her law license.[2]  There is no doubt that plaintiff's claims in this case are

---

[2] She even refers to herself as the "Appellant" and the defendants as "Respondents."  ECF 23.

inextricably intertwined with the Missouri Supreme Court's decision to suspend her law license and accordingly barred by the *Rooker-Feldman* doctrine.

The Western District of Missouri recently examined similar arguments made by a suspended attorney seeking reinstatement in *Trapp v. Missouri*, 2021 WL 5406843, at *1 (W.D. Mo. Nov. 18, 2021). The suspended attorney challenged the decisions to deny his applications for reinstatement and sought to declare unconstitutional the rules and procedures utilized by the Missouri Supreme Court in making the reinstatement determination. *Id.* As here, plaintiff's claims were barred by the *Rooker-Feldman* doctrine because plaintiff alleged that the rules and procedures used to deny him reinstatement were unconstitutional as applied to him. *Id.* at *8. As such, the arguments were "inextricably intertwined with the Missouri Supreme Court's decisions to deny his reinstatement" and therefore barred from consideration. *Id.* The Eighth Circuit Court of Appeals affirmed this decision: "We agree with the district court that attorney's claims are barred under the *Rooker-Feldman* doctrine." *Trapp v. Gunn*, 2022 WL4137726, at *1 (8th Cir. Sept. 13, 2022). Plaintiff's complaint is indistinguishable from *Trapp* and must be dismissed for the same reason.

Although not pleaded in her complaint, in her opposition brief plaintiff improperly alludes to violations of the Health Insurance Portability and Accountability Act (HIPAA), the Americans with Disabilities Act (ADA), and

Title VII as reasons to deny dismissal.  However, plaintiff's complaint contains no such claims or allegations, and she does not seek to amend her complaint to bring additional claims.  Therefore, such arguments cannot preclude dismissal in this case.

Moreover, any motion seeking leave to add those claims would be futile given that HIPAA does not create a private right and cannot be privately enforced either via § 1983 or through an implied right of action.  *Adams v. Eureka Fire Protection Dist.*, 352 Fed. Appx. 137, 138–39 (8th Cir. 2009).  And ADA claims must be administratively exhausted or the case is premature and must be dismissed.  *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 689–90 (8th Cir. 2025).  Although plaintiff asserts in her opposition brief that she "initiated an EEOC case" on April 11, 2025 (ECF 23 at 7), she does not state the nature or basis for her administrative charge or provide either a Charge of Discrimination or the requisite Right-to-Sue letter demonstrating that she has exhausted any ADA claims.  The Court takes no position on any such claims but simply notes that they are not a part of this lawsuit and cannot form a basis for denying dismissal of this case.  Finally, plaintiff's passing mention of "Title VII" without any supporting allegations as to how that statute would even apply in this case does not avoid dismissal or otherwise vest this Court with subject matter jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) [17-1] is granted, and this case is dismissed for lack of subject-matter jurisdiction.

A separate Judgment is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2025.